# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

EDGAR A. VAZQUEZ-GONZALEZ,

Plaintiff,

v.                                                            CIVIL NO. 15-2093 (GAG)

UNITED STATES OF AMERICA,

Defendants.

## OPINION AND ORDER

Presently before the Court is the motion of Plaintiff Edgar A. Vazquez-Gonzalez requesting attorney's fees. (Docket No. 26.) After reviewing the motion, and the motion of Defendant, the Internal Revenue Service ("IRS") in opposition at Docket No. 27, Plaintiff's request is **DENIED**.

**I.     Factual and Procedural Background**

In this case, Plaintiff alleges that the IRS failed to timely release his personal tax records. (Docket No. 1 ¶ 30.) The parties have stipulated to the adequacy of the IRS' search for the relevant records in response to the request, and to the propriety of redactions based on exemptions permissible under the law. (Docket No. 25.) The only disputed issue is whether Plaintiff is eligible for and entitled to an award of attorney's fees and costs pursuant to the Freedom of Information Act ("FOIA") of 1966, 5 U.S.C § 552(a)(4)(E) (2009).

The IRS' procedure for processing a FOIA request includes evaluating the request, reviewing documents for applicable exemptions and redacting accordingly, and obtaining supervisory approval before releasing documents. (Docket No. 27-2 ¶ 2.)

**Civil No. 15-2093 (GAG)**

Plaintiff is a cardiologist who owes money to the IRS. (Docket No. 1 ¶ 5.) In May, 2015, Plaintiff made a FOIA request for his personal tax records in order to determine whether the IRS acted improperly in the collection of his personal debt. (Docket Nos. 1 at 5-6; 1-11 at 1.) The IRS denied the initial request for lack of "reasonably sufficient details." (Docket No. 27-2 ¶¶ 7-8.) Plaintiff then submitted a revised request to the IRS Disclosure Office on June 17, 2015. Id. ¶ 10. Disclosure Specialist Ursula Kinsey ("DS Kinsey") handled Plaintiff's request and started an interdepartmental document search and review on July 7, 2015. Id. ¶¶ 12-14. On July 16, 2015, DS Kinsey asked Plaintiff to extend the record release date because she needed additional time to copy and review files. Id. ¶ 15. On July 24, 2015, the Disclosure Office transferred Plaintiff's request to another Disclosure Specialist, Renae Elliott ("DS Elliott"). Id. ¶ 18. Three days later, DS Elliott spoke to Plaintiff to clarify the scope of records he requested. (Docket No. 27-4 ¶ 5.) Over the next six days, DS Elliott spent 27.2 hours reviewing and redacting files pertinent to Plaintiff's request. Id. ¶ 6. Five days before Plaintiff filed suit, DS Elliott completed the initial review and redaction and submitted the files to the Disclosure Manager for supervisory approval. Id. ¶ 7. Plaintiff filed suit on August 12, 2015. (Docket No. 1.) DS Elliott and the Disclosure Manager, unaware of the lawsuit, conducted supervisory review and revision from August 19, 2015 to August 28, 2015. (Docket No. 27-4 ¶¶ 9-12.) The Disclosure Office learned of the suit on September 2, 2015. (Docket No. 27-3 ¶ 4.) The IRS sent 2,305 pages of records to Plaintiff on September 9, 2015, seventy-nine days after it received Plaintiff's revised request. (Docket Nos. 27-4 ¶ 16; 27-2 ¶ 10.)

**II.     Standard of Review**

The FOIA authorizes the award of attorney's fees and costs reasonably incurred by a plaintiff who has "substantially prevailed" in litigation to obtain "the production of any agency

**Civil No. 15-2093 (GAG)**

records improperly withheld." 5 U.S.C. § 552(a)(4)(B), (E). To "substantially prevail" under the statute, a plaintiff must establish that the litigation was "necessary" and "had a causative effect on the disclosure of the requested information." Maynard v. CIA, 986 F.2d 547, 568 (1st Cir. 1993) (citing Crooker v. United States Dept. of Justice, 632 F.2d 916, 932 (1st Cir. 1980)).

### III.    Discussion

The IRS contends that Plaintiff is not eligible for an award of costs and fees under the FOIA fee provisions because the IRS released the records voluntarily, not as a result of a court order, and Plaintiff's request for records was purely based on personal need, serving no public interest. (Docket No. 27 at 2.) Plaintiff, in turn, posits that a final judgment directing an agency to release requested records is not dispositive as to whether a plaintiff "substantially prevailed" under the FOIA fee provisions, and that the Court may award fees pursuant to its broad discretion. (Docket No. 26 at 5, 6.)

In determining whether to award fees and costs under the FOIA fee provisions, the Court conducts a two-step inquiry. See Maynard, 986 F.2d at 568. First, the Court determines whether Plaintiff has "substantially prevailed" by evaluating whether his lawsuit caused the release of documents. Id. "The mere fact that the documents requested were not released until after the suit was instituted, without more, is not enough to establish that a complainant has substantially prevailed." Id. (citing Cazalas v. U.S. Dept. of Justice, 660 F.2d 612, 619 (5th Cir.1981)). To determine whether a causal nexus exists between Plaintiff's lawsuit and the release of documents, the Court considers whether the IRS, upon actual notice of the FOIA request, made a good faith effort to identify and process the materials for disclosure. See id. (citing Cox v. United States Dept of Justice, 601 F.2d 1, 6 (D.C. Cir. 1979)).

3

**Civil No. 15-2093 (GAG)**

If the plaintiff has "substantially prevailed," the Court determines whether he is entitled to fees and costs by balancing four factors: (1) the public benefit of the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government had a reasonable basis in law for withholding the records. Aronson v. HUD, 866 F.2d 1, 3 (1st Cir. 1989) (citations omitted).

In this case, Plaintiff is not eligible for fees and costs under the statute because his lawsuit did not cause the IRS to release the documents. Rather, the IRS substantially completed processing Plaintiff's request before he filed this claim. Prior to the suit, DS Kinsey worked on Plaintiff's request for at least five days, conducting the document search and updating Plaintiff on the status of his request. (Docket No. 27-2 ¶¶ 12-17.) DS Elliott also spent six days reviewing and redacting files pertinent to Plaintiff's request. (Docket No. 27-4 ¶¶ 5-7.) After Plaintiff clarified the scope of the records he requested, the IRS promptly compiled and reviewed the documents and submitted them to him shortly after. Id. at 2-4. Any delay in releasing Plaintiff's records is justified given the volume of his request, as evidenced by 2,305 pages of documents released on September 9, 2015, and the good-faith efforts of Disclosure Specialists to diligently process Plaintiff's request. (Docket Nos. 27-2 ¶¶ 12-18; 27-4 ¶¶ 5-12.) Though the IRS released the requested documents seven days after it became aware of the suit, and twenty-five additional pages of documents approximately four months after Plaintiff filed the suit, all substantive processing, including the search, review and redactions, were largely completed prior to filing.[1]

---

[1] Additionally, Plaintiff's argument that the release of records prior to a court order constitutes "a voluntary change in position by the agency" for which the Court may award Plaintiff attorney's fees and costs is unavailing. (Docket No. 26 at 6.) While a plaintiff may be eligible for an award of attorney's fees and costs without receiving court-ordered relief on the merits of his FOIA claim, an award of fees is not automatic. Aronson, 866 F.2d at 2-3.

**Civil No. 15-2093 (GAG)**

Even if the Court had found a causal connection between Plaintiff's lawsuit and the IRS release of documents, Plaintiff is not entitled to an award under the four factors articulated in <u>Aronson</u>. The Court discerns no public interest derived from Plaintiff's action against the IRS because Plaintiff's action was purely personal. Plaintiff's core interest in seeking his tax records was to support his continuing efforts to resolve his tax liability to the IRS. (Docket No. 1 at 2-5.) Any possible commercial benefit from the lawsuit is limited to Plaintiff's own finances and those of his medical practice. Additionally, because Plaintiff did not dispute the adequacy of the IRS' search or the quantity of documents released, whether the government's withholding of the records had a reasonable basis in law is not relevant. (Docket No. 25 at 1-2.)

Accordingly, given that Plaintiff did not substantially prevail in his case against the IRS, he is not eligible for an award of attorney's fees and costs under Section 552(a)(4)(E). Plaintiff's request for an award of costs and fees is hereby **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 3rd day of February, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

5